**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **WALLACE WORMACK,** *et al.,* | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **Civil Case No. 1:22-cv-01108-SAG** |
| | * | |
| **CAESARS BALTIMORE MANAGEMENT** | * | |
| **COMPANY, LLC,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

*************

<u>**MEMORANDUM OPINION**</u>

Plaintiffs Wallace Wormack ("Wormack"), Lakeisha Jones, and Carolyn Marshall (collectively "Plaintiffs") filed this lawsuit in Baltimore City Circuit Court against fifteen corporate Defendants, seeking damages arising out of a physical assault in a parking garage of the Caesar's Horseshoe Baltimore Casino in Baltimore, Maryland ("the Horseshoe").   ECF 4. Plaintiffs served the Complaint on six of those entities and dismissed their claims against the other nine.  *See* ECF 1-13.  Defendants removed the case to federal court.  ECF 1.  Five of the six Defendant entities that were served, Caesars Entertainment, Inc. ("CEI"), CBAC Borrower, LLC ("Borrower"), CBAC Gaming, LLC ("Gaming"), CVPR Gaming Holdings, LLC ("CVPR"), and PRT Two, LLC ("PRT") (collectively "Moving Defendants") filed a motion to dismiss the Complaint, ECF 25.  The next day, Plaintiffs filed a motion to remand the case to state court, ECF 26.  This Court has reviewed both motions and the related briefing.  *See* ECF 29, 30, 31, 32.  It also requested and received a supplemental filing clarifying the citizenship of Borrower and Gaming.  ECF 33, 34.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  For the reasons that follow, the Moving Defendants' Motion to Dismiss will be granted and Plaintiffs' Motion to Remand will be denied.

1

I.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs, who are Maryland residents, filed their Complaint in state court on February 16, 2022.  ECF 4.  In their Complaint, Plaintiffs allege that they were returning to their vehicle in the parking garage of the Horseshoe when they were attacked by other patrons in the garage.  *Id.* Plaintiffs contend that the named Defendants negligently failed to provide adequate security in the garage and negligently failed to protect them from the assailants, who had been yelling at and accosting other casino patrons.  *Id.*  Plaintiffs generally allege the following:

> 14.  Upon further information and belief, at all relevant times, all of the defendants named in this Complaint (hereinafter referred to as "the defendants") owned, operated, and managed Caesar's Horseshoe Baltimore Casino, which included the parking garage where the attack that is the subject of this action took place (hereinafter referred to as "the parking garage.").
>
> 15.  Upon information and belief, at all relevant times, the defendants employed uniformed security guards to provide security for the casino and the parking garage.
>
> 16.  Upon information and belief, at all relevant times, the defendants were responsible for providing security for the casino and the parking garage.

*Id.*  Plaintiffs make no additional specific allegations regarding conduct by any of the individual corporate Defendants.

Although two of the Defendants are foreign corporations, CVPR and PRT are Maryland corporations headquartered in Maryland, ECF 26 at 2; likewise, Gaming and Borrower are citizens of both Maryland and Nevada, ECF 34 at 1.  Thus, the presence of any one of those four Defendants as a party would defeat diversity jurisdiction.  Defendants removed the action to this Court, asserting diversity jurisdiction by virtue of the presently sought-after dismissal of the four Maryland entities.  ECF 1, ECF 34.  Plaintiffs countered by seeking remand to state court, arguing that its claims against those four Defendants are valid and should not be dismissed.  ECF 26.

## II.   LEGAL STANDARD

### A.  Rule 12(b)(6) Motions to Dismiss

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss.  *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions.'"); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).  But a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2).  *Twombly*, 550 U.S. at 555.  Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."  *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation.  *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).  If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient.  *Twombly*, 550 U.S. at 555.  Rather, to satisfy the

3

minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co.*, 637 F.3d 435 at 440 (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). However, a court is not required to accept legal conclusions drawn from the facts. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

### B. Motions to Remand

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists where there is "complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

Courts "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Receivership of Mann Bracken, LLP v. Cline*, Civ. No. RWT-12-0292, 2012 WL 2921355, *2 (D. Md. 2011) (quoting *Stephens v. Kaiser Found. Health Plan of the Mid–Atl. States, Inc.*, 807 F.Supp.2d 375, 378 (D. Md. 2011)).  As the Fourth Circuit has explained, "The burden of establishing federal jurisdiction is placed upon the party seeking removal . . . Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction . . . If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). Nevertheless, because the decision to remand is largely unreviewable, district courts should be cautious about denying defendants access to a federal forum. *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 988 F. Supp. 913, 914-15 (D. Md. 1997).

### III.   ANALYSIS

#### A.  Motion to Remand

Four of the Moving Defendants, CVPR, PRT, Borrower, and Gaming, are Maryland corporations (hereinafter "Maryland Defendants").  Thus, the central question is whether the Maryland Defendants are proper defendants or have been fraudulently joined.  The doctrine of fraudulent joinder prevents plaintiffs from adding "a non-diverse defendant solely for the purpose of defeating federal diversity jurisdiction." *Sodibar Sys., Inc. v. Simon*, Civ. No. PWG-13-3399, 2014 WL 1276441 at *3 (D. Md. 2014) (quoting *Mayes v. Rapport*, 198 F.3d 457, 464 (4th Cir. 1999)).  The fraudulent joinder doctrine empowers a district court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes*, 198 F.3d at 461 (citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677-78 (5th Cir. 1999)).  To establish fraudulent joinder, the defendant must establish that there is "no possibility" that the plaintiff would be able to establish

5

a cause of action against the in-state defendant. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). Here, the parties contest whether there is "no possibility" that the Maryland Defendants may be liable for Plaintiffs' alleged injuries. If such liability is possible under Maryland law, then there has been no fraudulent joinder—any of the Maryland Defendants' presence destroys complete diversity and requires remand of the case. If not, then dismissal of Plaintiffs' claims against them is appropriate, meaning complete diversity exists between Plaintiffs and the remaining Defendants and no remand is required.

When considering a claim of fraudulent joinder, this Court is "not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *Newman v. Motorola, Inc.*, 125 F. Supp. 2d 717, 720 (D. Md. 2000) (quoting *Mayes*, 198 F.3d at 464). Here, Maryland Defendants have supplied an affidavit of Charles McCreedy, the Director of Surveillance and Risk at the Horseshoe. ECF 1-2. McCreedy's affidavit confirms that the sole non-moving Defendant, Caesar's Baltimore Management Company, LLC ("CBMC"), is the manager and operator of the Horseshoe. *Id.* Consistent with that representation, CBMC immediately filed an answer to Plaintiffs' Complaint, rather than seeking dismissal. ECF 1-15. Further, McCreedy's affidavit confirms that CBMC employed the special police officers and security officers working security on the night Plaintiffs were assaulted. ECF 1-2.

Plaintiffs' only response is to cite hearsay that the Maryland Defendants are "part owners of the Horseshoe Baltimore Casino." ECF 32 at 1. Otherwise their "upon information and belief" allegation that these Defendants operated and managed the casino (alongside, apparently, fourteen other entities) cannot overcome the uncontroverted evidence submitted in McCreedy's affidavit. Certainly, if Plaintiffs obtain evidence through discovery to suggest that one of the Maryland

Defendants has some role in Horseshoe's operation or management, this Court can reconsider its exercise of jurisdiction.

At present, though, there is "no possibility" that any of the Maryland Defendants is individually liable for Plaintiffs' alleged injuries under Maryland law, they have been fraudulently joined here and will be dismissed pursuant to that doctrine. Since complete diversity will exist following their dismissal, remand is inappropriate.

### B. Motion to Dismiss CEI

Although it has no basis to assert fraudulent joinder, CEI argues that the claims against it must be dismissed because this Court lacks personal jurisdiction. Under Rule 12(b)(2), the burden is "on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989); *see Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993)). When "a district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst of Md.*, 334 F.3d at 396 (citing *Combs*, 886 F.2d at 676). To determine whether the plaintiff has met this burden, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs*, 886 F.2d at 676. The court need not "look solely to the plaintiff's proof in drawing" all reasonable inferences in plaintiff's favor and may also look at the defendant's proffered proof and assertions regarding defendant's lack of contacts with the forum state. *Mylan Labs., Inc.*, 2 F.3d at 62. "When the existing record is inadequate to support personal jurisdiction over a defendant, the plaintiff is entitled to

jurisdictional discovery if it can demonstrate that such discovery would yield 'additional facts' that would 'assist the court in making the jurisdictional determination.'" *FrenchPorte IP, LLC v. Martin Door Mfg., Inc.*, Civil Action No. TDC-14-0295, 2014 WL 4094265, at *5 (D. Md. Aug. 14, 2014) (first quoting *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005); and then citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (Fed. Cir. 2003) ("[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous.'")).

To exercise personal jurisdiction over a non-resident defendant, a court must determine that: (1) the exercise of jurisdiction is authorized under the state's long-arm statute, pursuant to Federal Rule of Civil Procedure 4(k)(1)(A); and (2) the exercise of jurisdiction conforms to the Fourteenth Amendment's due process requirements. *Carefirst of Md.*, 334 F.3d at 396. When interpreting the reach of Maryland's long-arm statute, a federal district court is bound by the interpretations of the Maryland Court of Appeals. *See Carbone v. Deutsche Bank Nat'l Tr. Co.*, Civ. No. RDB-15-1963, 2016 WL 4158354, at *5 (D. Md. Aug. 5, 2016); *Snyder v. Hampton Indus., Inc.*, 521 F. Supp. 130, 135-36 (D. Md. 1981), aff'd, 758 F.2d 649 (4th Cir. 1985); *see also Mylan Labs.*, 2 F.3d at 61 (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 178 (1938)). Moreover, courts must address both prongs of the personal jurisdiction analysis, despite Maryland courts consistently holding that the state's long-arm statute "authorize[s] the exercise of personal jurisdiction to the full extent allowable under the Due Process Clause." *Bond v. Messerman*, 391 Md. 706, 721, 895 A.2d 990, 999 (2006); *see CSR, Ltd. v. Taylor*, 411 Md. 457, 472-73, 984 A.2d 492, 501 (2009) (noting that the personal jurisdiction analysis "entails dual considerations"); *Carefirst of Md.*, 334 F.3d at 396.

Under the first prong, the plaintiff must identify a provision in the Maryland long-arm statute that authorizes jurisdiction. *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F. Supp. 2d 649, 652 (D. Md. 2001).   Under the second prong, "due process requires only that . . . a defendant . . . have certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).   This "minimum contacts" analysis depends on the number and relationship of a defendant's contacts to the forum state, and whether the present cause of action stems from the defendant's alleged acts or omissions in the forum state. *Id.* at 316-19.

Finally, a court may exercise two types of personal jurisdiction, "general" or "specific." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017).   "General" jurisdiction is a fairly limited concept, since it only arises where "the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against [defendant] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe*, 326 U.S. at 318.   "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).   In the context of a corporation, the paradigm bases for general jurisdiction are "the place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).   The *Daimler* court clarified that while those paradigms are not necessarily the only bases for general jurisdiction, it would be "unacceptably grasping" to approve the exercise of general jurisdiction wherever a corporation, "engages in a substantial,

continuous, and systematic course of business." *Id.* at 137-38 (declining to find general jurisdiction lies in every state in which a corporate defendant has "sizable" sales).

"Specific" jurisdiction arises when there is an "affiliatio[n] between the forum and the underlying controversy." *Goodyear*, 564 U.S. at 919; *Carefirst of Md.*, 334 F.3d at 397.  To assess specific jurisdiction, the Fourth Circuit considers: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002)).

Before addressing the jurisdictional issue, this Court notes that Plaintiffs advocate for an approach that would turn the federal pleading standard on its head: permitting a plaintiff to sue anyone who might conceivably have liability, without pleading any actual facts suggesting such liability, and then sorting it out later.  *See* ECF 29 at 6 ("The exact role each or any of the fifteen defendant owners played in managing or controlling casino security was not known to Plaintiffs, and therefore Plaintiffs filed the premises liability negligence complaint against all fifteen owners.").  Plaintiffs have thus lumped the various corporate subsidiaries together, without alleging any facts specific to each entity.  Fourth Circuit case law holds that a complaint cannot rely on "indeterminate assertions against all defendants," a fact that holds true even when some of those defendants are corporate subsidiaries or affiliates of one another.  *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 423 (4th Cir. 2015) ("'The fact that two separate legal entities may have a corporate affiliation does not alter [the] pleading requirement' to separately identify each defendant's involvement in the conspiracy." (quoting *In re Aluminum Warehousing Antitrust*

10

*Litig.*, No. 13-md-2481 (KBF), 2015 WL 1344429, at *2 (S.D.N.Y. Mar. 23, 2015))). Here, using largely generic language, and without any explanation in the Complaint itself, Plaintiffs group all of the Defendants together, and refer to them by a shared label for the remainder of the Complaint. ECF 4 ¶ 14. That sort of "lump[ing] [] together without sufficient detail" is precisely the type of corporate entity group pleading *SD3* forbids.[1]  *SD3*, 801 F.3d at 423 (quoting *Bates v. City of Chicago*, 726 F.3d 951, 958 (7th Cir. 2013)). Moreover, Plaintiffs' suggestion that the group pleading is permissible because they specifically allege that all fifteen Defendants "are in the exact same position" in terms of ownership and management runs contrary to their accompanying concession that they simply do not know which entity played which role. *Compare* ECF 29 at 11 *with id.* at 6. It would be patently implausible to think that fifteen entities simultaneously operated the casino and employed the officers, and *Twombly* requires more than bald accusations and mere speculation. Without particularized facts asserted against the Moving Defendants to establish their plausible liability, dismissal is warranted.

The vague and implausible group allegations leveled against the Moving Defendants do not provide sufficient facts to permit this Court to exercise personal jurisdiction over CEI. The Complaint fails to plausibly allege that CEI has a role in the Horseshoe's management or supervision of its employees such that it conducted activities in this State that gave rise to Plaintiffs' claims. As such, this Court cannot conclude that the exercise of personal jurisdiction over CEI would be constitutionally reasonable in this instance.

---

[1] Plaintiffs' suggestion that they might be time-barred from subsequently adding an additional defendant if they were to sue only CBMC is unavailing. Clearly, the relation back doctrine would allow Plaintiff to add another defendant if it became evident in discovery that some other corporate entity is liable, particularly given CBMC's express representation that it alone bears any liability for the incident. *See* Fed. R. Civ. P. 15(c).

## IV.     CONCLUSION

For the reasons set forth above, the Motion to Dismiss, ECF 25, is GRANTED, and Plaintiffs' Motion for Remand to State Court, ECF 26, is DENIED.  The case will be dismissed without prejudice as to the Moving Defendants and will proceed in federal court as to the remaining defendant, CBMC.  A separate Order is filed herewith.


Dated:  July 11, 2022                                   _____
                                                                             /s/
                                                                    Stephanie A. Gallagher
                                                                    United States District Judge